UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAHEEM R. HILTS,

                        **Plaintiff,**

    vs.                                  **1:26-CV-228**
                                          **(MAD/CBF)**

BELLEVUE WOMANS CENTER,

                        **Defendant.**

---

APPEARANCES:

**JAHEEM R. HILTS**
Schenectady, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff Jaheem R. Hilts commenced this action *pro se* on February 12, 2026, against Defendant Bellevue Woman's Center. *See* Dkt. No. 1. Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 alleging a cause of action for "Racial Discrimination labeling me a Black person when Im mixed." *Id.* at 3. On April 13, 2026, Magistrate Judge Carla B. Freedman issued a Report-Recommendation and Order granting Plaintiff's *in forma pauperis* motion and recommending dismissal of Plaintiff's complaint without prejudice. *See* Dkt. No. 5. On May 26, 2026, Plaintiff filed an objection to the recommendation. *See* Dkt. No. 8. For the reasons set forth below, the Report-Recommendation and Order is adopted in its entirety.

"Generally, when a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

1

review." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 683 (N.D.N.Y. 2015) (citing FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quoting N.D.N.Y. L.R. 72.1(c)) (footnote omitted).  "When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review." *Id.* at 684 (citations omitted).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review." *Id.*  (footnote omitted).  "A litigant objecting to a [report and recommendation] may not simply rest on the briefs considered by the magistrate judge; she must lodge a specific objection to some specific aspect of the [report and recommendation]." *Nambiar v. Cent. Orthopedic Grp., LLP,* 158 F.4th 349, 361 (2d Cir. 2025). "When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*." *Id*.  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On May 26, 2026, Plaintiff filed the following objection to the Report-Recommendation and Order:

> I object on the grounds that the recommendation of dismissal is not right and it will preclude me from presenting the facts and allegations of my whole case and its not taken into account that Im a layman at law not asking for anything extra just seeking reasonable accommodation in the filing of this action will add equality and lessen the burden of going forward.

Dkt. No. 8 at 1.  Plaintiff expresses general and conclusory disagreement with Magistrate Judge Freedman's recommendation and provides no relevant basis for his objections.  Therefore, the Court will review the Report-Recommendation and Order for only clear error.

The Court first adopts the factual recitation contained in Magistrate Judge Freedman's April 13, 2026, Report-Recommendation and Order.  *See* Dkt. No. 5.  The Court also finds that Magistrate Judge Freedman correctly recommended that Plaintiff's complaint be dismissed without prejudice because Plaintiff has failed to establish this Court's subject matter jurisdiction through either federal question jurisdiction or diversity jurisdiction.  *See Id.* at 8.  Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005).  Federal jurisdiction is available only when a "federal question" is presented, or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  When a court lacks subject matter jurisdiction, dismissal of the complaint is mandatory.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

In order to invoke "federal question" jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff filed his complaint on the Court's civil rights complaint form.  *See* Dkt. No. 1.  As stated in the Report-Recommendation and Order, "[t]o state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or

laws of the United States."  Dkt. No. 5 at 5 (quoting *Whalen v. Cnty. Of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997)).  As Magistrate Judge Freedman concluded, Plaintiff's complaint is insufficient to state a claim under 42 U.S.C. § 1983 because it contains no mention of a state actor.  *See id.; see also Fisher v. Glens Falls Hosp.*, No. 1:25-CV-831, 2025 WL 2324128, *4 (N.D.N.Y. July 15, 2025), *R. & R. adopted*, 2025 WL 2323523 (N.D.N.Y. Aug. 12, 2025).

Further, as noted by Magistrate Judge Freedman, Plaintiff's identification of "U.S. Government Plaintiff" as the basis for jurisdiction on the civil cover sheet submitted with the complaint is inaccurate.  Dkt. No. 5 at 6 (citing Dkt. No. 1-1 at 1).  Insofar as Plaintiff also listed "Title VII of civil rights act of 1964" as "the U.S. Civil Statute under which [he is] filing," Magistrate Judge Freedman correctly concluded that Plaintiff has not alleged any employment relations with Defendant.  *See id.* (citing *Moran v. Deamelia*, No. 1:17-CV-422, 2017 WL 2805160, *4 (N.D.N.Y Apr. 20, 2017), *R. &R. adopted*, 2017 WL 2804941 (N.D.N.Y June 28, 2017)).  Accordingly, the complaint fails to invoke this Court's federal question subject matter jurisdiction.

Finally, as Magistrate Judge Freedman found, Plaintiff failed to establish a basis for diversity jurisdiction under 28 U.S.C. § 1332 because both Plaintiff and Defendant's addresses are listed within the State of New York.  *See* Dkt. No. 5 at 7 (citing *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants . . .")).

Generally, "'[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Edwards v. Penix*, 388 F. Supp. 3d 135, 144 (N.D.N.Y. 2019) (quoting

4

*Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).  As Plaintiff is *pro se* and has not yet amended his complaint, the Court grants Plaintiff leave to amend.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Freedman's Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and the Court further

**ORDERS** that any amended complaint must be filed within thirty (30) days of the date of this Order.  Any amended complaint must be a complete pleading which will replace the current complaint in total and must comply with the directions in the Report-Recommendation and Order; and the Court further

**ORDERS** that if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Freedman for review; and the Court further

**ORDERS** that if Plaintiff fails to file a timely amended complaint, the Clerk shall close this case without further order of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated:  June 25, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge

5